Dear Senator Ellington:
I am in receipt of your request for an Attorney General's opinion concerning Act No. 447 of the regular session in 1997 which enacted LSA-R.S. 17:181 and repealed LSA-R.S. 17:2006.1 relative to secondary school vocational education. LSA-R.S. 17:181
requires the following:
 Effective with the 1997-1998 school year and thereafter, the governing authority of each public secondary school shall allocate annually to each secondary school in the school system, in addition to any other funding, not less than fifty dollars per student enrolled at the school in a vocational agriculture, agribusiness, or agriscience program for use in providing adequate instructional materials and supplies for such students.
LSA-R.S. 17:2006.1 previously provided that the monies as discussed above were to be annually allocated by the State Board of Elementary and Secondary Education subject to the state funds appropriated for this purpose. The new legislation does not provide that the local school boards are only required to comply with this law if the funds are appropriated. You ask whether the School Boards and Superintendents have to comply with the fifty dollar funding requirement for vocational agriculture students as provided in LSA-R.S. 17:181.
The Louisiana Constitution, Art. 6 § 14(A), states the following:
 Section 14(A) No law or state executive order, rule, or regulation requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance enacted, or resolution adopted, by the governing authority of the affected political subdivision or until, and only as long as, the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided, or until a law provides for a local source of revenue within the political subdivision for the purpose and the affected political subdivision is authorized by ordinance or resolution to levy and collect such revenue and only to the extent and amount of such revenue. This Section shall not apply to a school board. (Emphasis Added.)
This constitutional provision specifically excludes school boards from the prohibition against unfunded mandates. Even if it did apply, the cost for materials and supplies has been funded through the Minimum Foundation Formula.
The legislative history as reflected in the minutes of the Senate Committee on Education of June 5, 1997, indicates that LSA-R.S.17:181 directs a school board to distribute certain funds allocated in the MFP for secondary vocational agricultural students. It appears that the Legislature intended for the local school boards to fund this cost through their MFP funds. Therefore, the School Board and Superintendents have to comply with the fifty dollar funding requirement as specified in LSA-R.S. 17:181 for vocational agriculture students.
In your second question you ask whether there is a timely manner in which the school boards should comply with the statute. Local school boards should have complied with the legislation after it became effective.
In your third question, you ask what are the legal repercussions for not complying. A school board would be in violation of LSA-R.S. 17:181 and could be sued for a court order to require their compliance.
In conclusion, it appears that the local school boards are required to allocate to each secondary school in the school system not less than fifty dollars per student enrolled at the school in a vocational agriculture, agribusiness, or agriscience program for use in providing adequate instructional materials and supplies for such students, that they were required to comply with the legislation after its effective date, and that they would be violating the law by their noncompliance.
I hope this opinion adequately addresses your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/lrs